Taylor-JM v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-141-CR

     JEFFORY MARK TAYLOR,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 91-359-C
                                                                                                    

OPINION ABATING APPEAL 
ON TAYLOR'S MOTION
TO CORRECT THE STATEMENT OF FACTS
                                                                                                    

      On June 28, 1991, Jeffory Taylor pled guilty to possession of a controlled substance and the
court assessed the agreed punishment of seven years incarceration, probated for seven years, and
a $750 fine. However, finding that Taylor failed to abide by the terms and conditions of his
probation, the court revoked the probation and sentenced Taylor to the original seven-year
punishment term. In this appeal from the revocation order, Taylor claims that the statement of
facts does not accurately disclose what occurred in the trial court. Specifically, Taylor claims that
a portion of the testimony by his probation officer was not included in the statement of facts filed
in this cause. Because resolution of his complaint involves a fact question, we abate this appeal
and remand the cause to the trial court for a hearing. Tex. R. App. P. 55(a).
      The trial court shall, after notice to the parties, hold a hearing to settle the dispute and, if
necessary, make the statement of facts conform to what occurred in the trial court. Id. The court
shall cause its findings and conclusions to be certified and transmitted to this court as a
supplemental record within thirty days of this order. If anything material to either party is omitted
from the statement of facts, we may direct that a supplemental record be certified and transmitted
to us supplying such omitted matter. Id. 55(b). However, depending on the volume of
corrections, if any, the court finds should be made to the statement of facts, we may instead order
amended volumes be filed to replace those volumes already on file rather than accepting numerous
supplemental corrections.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Appeal abated
Opinion issued and filed October 9, 1996
Do not publish